# THE UNITED STATES

*v.*

## JANUARY AND PATTERSON.

---

— *Absent....*TODD, *J.*

When a collector of revenue has given two bonds for his official conduct at different periods and with different sureties, a promise by the supervisor to apply his payments exclusively to the discharge of the first bond, although some of the payments were for money col-

ERROR to the Circuit Court for the district of Kentucky.

This case was submitted to the Court without argument, and

DUVALL, *J.* delivered the opinion of the Court as follows:

In this cause the opinion of the Court is required on a single point. The facts are these:

The supervisor of the revenue, for the district of Ohio, in due form of law appointed John Arthur collec-

tor of the revenue for the first division of the first survey of the said district. Arthur, on the 25th day of August, 1797, together with the Defendants, his sureties, executed a bond to the United States, in the penalty of $ 4000, with condition that Arthur should truly and faithfully execute and discharge all the duties of said office according to law. The supervisor, for greater security to the government, was in the habit of renewing the commission, and renewing the office bond; and on the 23d day of March, 1799, Arthur executed another bond to the United States with Robert Patterson surety, in the penalty of $ 6000 with this condition, " that if the said John Arthur has truly and faithfully executed and discharged, and shall continue truly and faithfully to execute and discharge, all the duties of said office, and shall also render and settle his accounts according to law, then the obligation to be void," &c.

Arthur proceeded to make the collections, and from the commencement of his duty to the 30th of June, 1802, was charged with the collection of $ 30,584 99 1-2. On the settlement of his account in the year 1803, he was in arrear $ 16,181 15 1-2. and suits were instituted on each of the bonds. The pleadings were the same in both actions. There was a plea of performance to which the Plaintiffs reply and allege, as a breach of the condition, that the Defendants have failed to collect and pay over the revenue arising within his district, &c. and are in arrear to the United States, &c. on which issue was joined. Pending the suits Arthur died; and they were prosecuted to judgment against the sureties only.

The supervisor kept one general account only against the collector. On the trial the Plaintiffs exhibited, on their part, the general account between them and the Defendant on which the balance, as beforementioned, is $ 16,181 15 1-2. They also exhibited the balance appearing to be due by terminating the account with the period when Arthur gave the second bond at the time his first commission was revoked, which was $ 6,483 59 1-2.

The Defendants, to support the issue on their part, offered the deposition of a witness who proved that James Morrison, the late supervisor of the revenue, informed him that Arthur had paid a sufficient sum to dis-

*[margin note:]* U. STATES v. JANUARY & PATTERSON.

lected and paid after the second bond was given, does not bind the United States, and does not amount to an application of the payments to the first bond.

charge the bond first given, and that what he had paid should be so applied. After reading the deposition, the Plaintiffs introduced the supervisor himself to contradict the Defendants witness. In his testimony he admits that the payments made by Arthur if applied to the first bond would discharge it ; and that he might have frequently told January and others, that the whole of the bond would be paid off, if the payments made by Arthur were appropriated exclusively to its discharge ; and that he himself had entertained the opinion that they ought to be so applied. To repel the testimony of the supervisor and to support that of their witness, the Defendants produced a clerk in the supervisor's office, who proved " that the Defendant, January, several " times called at the office of the supervisor on the sub- " ject of his bond, expressed his uneasiness about its " remaining out and his desire to get it up. That the " supervisor assured him that Arthur had paid enough to " discharge that bond, and that he might make himself " easy; but refused to give up the bond because he thought " that such bonds ought to remain as vouchers in his " office.

The Plaintiffs, on this state of the case, moved the Court to instruct the jury, that the promise of the supervisor as to the application of the payments in discharge of the bond, was not of itself an appropriation of the payments, unless it was followed by some act of appropriation. The Court over-ruled the motion, and, at the instance of the Defendants, instructed the jury that if they believed that the supervisor had made the election and promise as proven, it was a declaration of his election how the payments made by Arthur should be applied ; and that whether a formal entry, in the books of their appropriation, corresponding with that election, were made or not, was immaterial, and that the jury ought to consider the application as made

To the opinion of the Court thus given, the Plaintiffs excepted, and this Court must now decide as to the correctness of the opinion of the Court below.

The law, with respect to the application of particular payments when the debtor owes distinct debts, has long

since been settled. The debtor has the option, if he thinks fit to exercise it, and may direct the application of any particular payment at the time of making it. If he neglects to make the application, the creditor may make it; if he also neglects to apply the payment, the law will make the application.

In this case a majority of the Court is of opinion that the rule adopted in ordinary cases is not applicable to a case circumstanced as this is; where the receiver is a public officer not interested in the event of the suit, and who receives on account of the United States, where the payments are indiscriminately made, and where different sureties, under distinct obligations, are interested. It will be generally admitted that monies arising due, and collected subsequently to the execution of the second bond, cannot be applied to the discharge of the first bond, without manifest injury to the surety in the second bond: and *vice versa*, justice between the different sureties can only be done by reference to the collector's books, and the evidence which they contain may be supported by parol testimony, if any in the possession of the parties interested.

The Court is of opinion that the Circuit Court erred in the opinion given, and that it be reversed.

*Judgment reversed.*