# McKee's Executor *versus* The Commonwealth.

1. An official bond cannot be restricted from operating according to its terms, by any parol evidence of conversation between the principal and sureties at the time of its execution, not known to the officer whose business it was to approve the bond.

2. Where there are various items of debit on one side, and various items of credit on the other, occurring at different times, and no special appropriation of payments is made by either party, the successive payments or credits are to be applied to the items of debit antecedently due, in the order of *time* in which they stand in the account.

ERROR to the Court of Common Pleas of *Butler county.*

This was a several action of debt brought by the Commonwealth, against the executor of Hugh McKee, a co-obligor with George Miller and Jacob Brinker, in the official bond of George Miller, former treasurer of the County of Butler, to recover a balance due said Commonwealth.   Bond dated 10th January, 1835.

The only question is as to the appropriation of payments. George Miller was treasurer in 1834, and also in 1835, and gave bonds with different sureties.   There was a defalcation in both years—in 1834, of $463.54—in 1835, of $623.20.   After the 1st of January, 1836, to wit: in 1836 and 1837, he paid to the State, sums amounting in all to $621.40, without any appropriation of the payments, either by the State or the treasurer.   The question is, what appropriation the law makes of these payments.

On this point the court, AGNEW, J., charged the jury as follows:

"The sureties on the bonds of 1834 and 1835, being different, but equal in equity, and the payments of 1836 and 1837, not being applied to any particular year, we instruct you to ascertain the deficit of State tax for 1834 and 1835, and to make a rateable or proportional appropriation of the payments between these years—that is, the sum of the deficits for 1834 and 1835, will be to the sum of the payments of 1836 and 1837, as the deficit of 1835 is to the answer, which will be the proportion of the payments for that year."

Of which instruction defendant complained, and now assigns the same for error.

*Graham,* for plaintiff in error.—The equities of the sureties of 1834 and 1835, "being equal," is precisely the reason why the payments made in 1836 and 1837, shall not be applied *pro rata* to the defalcations of each year.   The equities being equal, the law prevails, and applies the payments to the oldest indebted-

ness. 1 Story, Eq. 64, 459, *a ; Commonwealth* v. *Speck*, 3 W. & S. 324 ; *Commonwealth* v. *Reitsel*, 9 Id. 109. The equities being equal, equity will not interfere at all ; and at law there is no such thing as a *pro rata* appropriation of payments.

————, for defendant in error.

The opinion of the court was delivered October 20, 1853, by Lewis, J.—The bond on which the action is brought, is subject to a condition sufficiently comprehensive to cover the default complained of, and the omission of any requisites prescribed for the purpose of facilitating the proof of execution, or securing to the Commonwealth sureties of sufficient ability, does not invalidate the bond ; nor can an official bond be restricted from operating according to its terms, by any parol evidence of conversation between the principal and sureties, at the time of execution, not known to the officer whose business it was to approve of the instrument. The decision of the court on this part of the case is correct.

But the rule for appropriating payments, as applied by the court below, does not seem to be just to the Commonwealth, convenient in practice, or such as the bond prescribes. Where there are various items of debit on one side, and various items of credit on the other, occurring at different times, and no special appropriation of payments is made by either party, the successive payments or credits are to be applied to the items of debit antecedently due, in the order of *time* in which they stand in the account. 1 Story, Equity, § 459, *a*, and authorities there cited. The rule applies equally to cases where a part of the debt is secured by a guaranty, or by sureties ; as where there are no such parties. 1 Story, Equity, § 459, *g* ; 9 Wheaton, 720, 737.

The decisions in the *United States* v. *January & Patterson*, 7 Cranch, 572, and *United States* v. *Elkford's Ex'rs*, 1 Howard, 250, have created an impression, that this principle does not apply to cases where different sureties are interested, under different obligations, for the performance of official trusts ; but in the case first mentioned, no such principle was presented for adjudication ; and the general remarks of the judge who delivered the opinion of the court, are not to be regarded as authority beyond the point adjudicated. The case is not accurately reported, as fully appears by the note of Mr. Justice Story, in *United States* v. *Wardwell*, 5 Mason, R. 82, in which he explains the remarks as not intended to convey the idea usually attributed to them ; and shows that the only question decided, touching appropriations of payments, was that it was *error* for the Circuit Court to hold, that a supervisor of

the collection of direct taxes, " had a right, *after payments had been made on general accounts*, to make a special application of them to the first bond, and that his *promise* to do so, made to *the attorney of the surety, long after the payments had been made by the principal, was an appropriation without any actual application, according to his promise.*" Why the case was submitted on this question alone, does not fully appear, but we are bound to presume that the parties had some reason for it. Under ordinary circumstances, the payments ought to have been applied to the first bond, independent of the promise of the supervisor ; but the reliance on that promise, serves to justify the inference, that there might have existed in the case some peculiar circumstances which took it out of the general rule. Imperfectly as it is reported, we see in it, with the aid of Judge Story's note, two elements which might, perhaps, have been thought sufficient to produce that effect. In the absence of any special appropriation by the debtor, the United States claimed the right of applying the payments to the second bond, and this was also the wish of the principal, as expressed in writing, after suit brought. The promise of the supervisor, given to an attorney of the surety on the first bond, long after the payments had been made, was relied upon by the surety as sufficient to control the wishes of all the other parties, and as being equal to an *actual* application of the money ; but this position, although sustained by the Circuit Court, was not sanctioned by the Supreme Court. That the decision was not regarded as denying the application of the general rule of appropriation of payments, to the cases in which sureties are interested, is manifest from the opinion of the Circuit Court, in *United States* v. *Hardwell*, 5 Mason, R. 82, in which, notwithstanding the case in 7 Cranch, 572, the principle of appropriation, according to priority of debts, was applied to the case of a surety. The same doctrine has been recognized in *Postmaster General* v. *Forbes*, 4 Mason, R. 333. In the *United States* v. *Kirkpatrick*, 9 Wheaton, 720, the principle was affirmed by the whole court, and applied to the case of a surety, without regarding the *United States* v. *January & Patterson*, 7 Cranch, 572, as standing in the way. It is true, that in the subsequent case of the *United States* v. *Ekford's Ex'rs*, 1 Howard, 250, it was decided that payments made of "*moneys accruing and received in the subsequent term*," could not be applied to a precedent term, so as to defeat a recovery in an action brought on the bond for that term. We see no objection to this principle, so long as the moneys can be identified, as those actually " *accrued and received*," from a particular term, they ought to be applied to discharge the obligation of the sureties for that term. The moneys were the moneys of the United States. The collector was but the agent, and any

appropriation of them to discharge other liabilities, was a misapplication prohibited by law. *The Commonwealth* v. *Reitzel*, 9 W. & S. 109, rests upon the same principle; but where the debtor intermingles the public money with his own, or the receipts of one year with those of another, so that their identity is lost, the equity of the surety necessarily falls with the means of enforcing it; and the case then stands under the rule for appropriating general payments to debts according to priority of date. The surety has no equity which entitles him to invert this order of application, to the injury of the creditor. If the principal does not think proper to appropriate his payments in relief of his sureties, in equal proportions, they are in no worse condition than if he had made no payment whatever. He had the power to misapply the funds, and they voluntarily placed themselves in his power. This is a hardship in which they have no right to expect the creditor to participate; and this is especially the case where the creditor is the State, whose difficulties in the collection of her revenues ought not to be embarassed for the purpose of adjusting such supposed equities between the different sureties of her collectors and receivers. Whatever may be the rule in the United States' courts, the principle appears to be settled in Pennsylvania, in accordance with these views. *Speck* v. *The Commonwealth*, 3 W. & S. 328. That case is directly in point, and rules the one now before us. In the case of a disbursing officer, whose duty it is to retain in his hands all the funds not required by the exigencies of his office, and to pay them over upon the expiration of his term, to his successor, sureties of the latter are necessarily liable for the sums thus received, in addition to the correct receipts. And when the same individual is re-appointed, he becomes his own successor, and his sureties are liable to the same extent as if another person had been appointed, and received the balance remaining unexpended. But where no such duties are imposed, and the officer is required to pay *into the State treasury the moneys collected*, the sureties are liable only for the money received during the term for which they bound themselves. The case before us is one of this character. The Commonwealth may recover in this action, the amount of taxes received by the county treasurer, for the year 1835, after crediting such payments as are not required to satisfy the liability of the previous year. The court below was in error, in directing an appropriation of the payments contrary to these principles, and for that reason the judgment is to be reversed.

Judgment reversed, and *venire facias de novo* awarded.