UNITED STATES *v.* MORGAN *et al.*[1]

(*Circuit Court, S. D. New York.* June 26, 1888.)

BONDS — OFFICIAL BONDS — DISBURSING OFFICERS — MINGLING FUNDS — UNAUTHORIZED TRANSFER — LIABILITY OF SURETY.

A federal officer, the chief of the bureau of accounts in the department of state, gave bond for the faithful discharge of his duties, which included the disbursing of certain appropriations. He also received certain moneys from passport fees and the sale of United States Statutes, which were independent transactions, for which no bond was required. At the end of a month he drew his draft on the appropriations fund, to cover a deficiency in the passport fund. *Held*, in an action, after his death, against his sureties on the bond, that such draft was unauthorized, illegal, and void; and, no actual transfer of money appearing, defendants had a right to have the draft canceled, and the accounts readjusted, which would show no deficit in the appropriations account.

Error to District Court, S. D. New York.

In the trial of this case in the district court, which was brought against the sureties on Morgan's bond, after his death, it appeared that Morgan in his life-time drew on the appropriations account to pay a shortage to the passport account, and, after the proper debit and credit of the draft, left a deficit to the former account. It appeared also that no actual transfer of money in the treasury had taken place. The district court held that the transactions were independent; that defendants were not liable for the apparent deficiency in the appropriations account; that the draft thereon was illegal and void, and defendants had a right to have it canceled, and the accounts reformed. The government brings error.

*Stephen A. Walker*, U. S. Atty., and *Abram J. Rose*, Asst. U. S. Atty., for the United States, plaintiff in error.

*Thomas Osborn*, for defendants in error.

LACOMBE, J. This action is brought to recover on a surety bond conditioned for "the faithful discharge of his duties" by Robert C. Morgan, as chief of the bureau of accounts in the department of state. Defendants had judgment in the district court, and the plaintiff has taken a writ of error. Morgan while holding office received money from two different sources. There was, from time to time, placed to his credit with the treasurer or assistant treasurer, and subject to his draft, certain funds appropriated by congress to certain specified objects, connected with disbursements of the department of state for the contingent expenses of foreign missions, consulates, and similar purposes. The receipt and disbursement of these moneys were within the duties whose faithful discharge the bond sued on was given to secure. He also received from time to time certain passport fees, and moneys for the sale of the United States Statutes, which he was required by law to cover into the treasury. For his conduct in connection with these fees and moneys defendants

[1] Affirming 28 Fed. Rep. 48.

were not sureties; nor, indeed, was any bond required.    For his honesty in that regard the United States were their own insurers.

As to the details of the embezzlement, which is the cause of this action, the evidence, naturally enough, is not very specific.    It may fairly be inferred, however, that Morgan's method of proceeding was as follows: He received from time to time bank-bills, treasury notes, or coin in payment of passport fees, or for the sale of Statutes.    These bills, notes, and coin he appropriated to his own use; and when the month came to an end he was a defaulter to the government to the amount of the moneys so received.    Thereupon he drew a draft against his account as disbursing clerk, for an amount equal to his defalcations during the month, and passed it over to the treasurer or assistant treasurer, with the request that it be covered into the treasury as the amount received from passports during the current month.    Thereupon the amount of these drafts was charged to the disbursement account, and credited to the passport-fee account.

The cases of *U. S.* v. *January*, 7 Cranch, 572; *U. S.* v. *Eckford*, 1 How. 250, and *Jones* v. *U. S.*, 7 How. 681, referred to in the opinion of the learned court below, seem to be controlling of this case.    If there were another set of bondsmen, who guarantied Morgan's faithful service in the receipt and disposition of passport fees and moneys for the sale of Statutes, the loss which the United States have sustained would be, under these decisions, recoverable from them, and not from the defendants. The situation is certainly not changed by the circumstance that the government stands as its own security for Morgan's acts in regard to the moneys he embezzled.    The judgment is affirmed on the opinion of the district judge.