THE STATE, EX REL. FREDERICK C. BRAEUTIGAM, v.
THEODORE F. WHITE.

If, in the judgment of a justice of the peace, the surety upon a bond tendered on an appeal from a judgment in a Court for the Trial of Small Causes held by him be insufficient, he may reject the bond.

On motion to discharge a rule to show cause why a *mandamus* should not issue.

Argued at February Term, 1898, before Justices DIXON and COLLINS.

For the motion, *John S. Applegate.*

*Contra, R. Ten Broeck Stout.*

The opinion of the court was delivered by

COLLINS, J.   The relator, on May 12th, 1897, procured from a justice of this court a rule to show cause why a *mandamus* should not issue to compel the defendant to grant an appeal from a judgment recovered against the relator in a Court for the Trial of Small Causes held by the defendant as a justice of the peace.   The rule was returnable at the June Term of this court, but as the affidavits taken under it were not complete until June 19th the cause went over.   It was not moved at the November Term and was not noticed for the present term.   The defendant now, on notice, moves to discharge the rule upon the facts developed in the affidavits. It is proved that, although the relator, after an adjournment granted at his request, permitted judgment without further appearance before the justice, he did in due season demand an appeal and present a bond, which was rejected because it bore a date prior to the judgment and because the justice was not satisfied of the sufficiency of the surety.   The same bond was tendered later with the date changed, but with no evi-

dence of re-execution, and was again rejected. On May 1st, 1897, the term of office of the justice expired. On May 3d, 1897, another bond, with a different surety, was tendered and rejected, both because the defendant was out of office and because he was not satisfied of the sufficiency of the new surety.

In *Tichenor* v. *Hewson*, 2 *Gr.* 26, it was held that after the expiration of the term of office of a justice of the peace he could do no official act, but by statute approved March 17th, 1875 (*Gen. Stat., p.* 1890, *pl.* 134), he may now, among other things, decide pending causes and may grant an appeal from the judgment rendered in any cause brought before the expiration of his term. The defendant, therefore, was wrong in assuming that he had no jurisdiction in the premises. His rejection of the bond must rest on the other ground.

In the case cited it was declared that, in passing upon the sufficiency of a surety upon an appeal bond, the justice acts judicially. This was also decided in *Stull* v. *Abbott*, 3 *Gr.* 338, in which case it was intimated that if the justice err there is redress in this court. Without adjudging that such redress can be by *mandamus*, we are clear that in the case in hand the relator has no grievance. Under the proofs taken the surety on neither bond was sufficient.

Let the rule to show cause be discharged, with costs.