JACOB G. LAZARUS, DEFENDANT IN CERTIORARI, v. ANNA M. MARTLING, PROSECUTRIX IN CERTIORARI.

Argued June 6, 1905—Decided November 13, 1905.

1. The mere fact that the transcript sent up to the Court of Common Pleas on an appeal from the small cause court fails to show that a written notice of appeal, signed by or on behalf of the appellant, had been filed with the justice, and that the appeal bond had been so filed, does not afford legal ground for dismissing the appeal.

2. In granting an appeal, the justice acts judicially, and if the legality of his adjudication on that point is challenged in the Common Pleas, he should be ruled to certify the facts, so as to correct any imperfections or irregularities apparent in the transcript before such adjudication is reversed.

On *certiorari* to Bergen Common Pleas.

Before Justices DIXON and SWAYZE.

For the defendant in *certiorari*, *Jacob Willard De Yoe.*

For the prosecutrix in *certiorari*, *Alexander Simpson.*

The opinion of the court was delivered by

DIXON, J.   A judgment having been rendered against the defendant in a small cause court, she appealed to the Bergen Common Pleas, and there her appeal was dismissed, because the transcript, sent up by the justice, failed to show that a written notice of appeal, signed by or on behalf of the appellant, had been filed with the justice, and that an appeal bond

had been so filed.   Under a rule from this court the reasons
for dismissal are expressly stated by the Common Pleas to
be the alleged defects in the transcript, and to test the legal
sufficiency of those reasons is the object of the present writ
of *certiorari*.

. The Small Cause Court act (*Pamph. L.* 1903, *p.* 251)
provides (section 81) that the justice who grants an appeal
shall send to the clerk of the Common Pleas a transcript of
the proceedings and judgment in the cause, together with
the appeal bond, within ten days after he shall receive notice
of the appeal.

In this enactment, unless the notice of appeal is included
in the phrase "transcript of the proceedings," the statute
does not require it to be sent to the Common Pleas.   I think
it is not so included because the entire phrase, "transcript
of the proceedings and judgment," suggests that the pro-
ceedings intended are those prior to the judgment, a sug-
gestion corroborated by the fact that the bond alone of the
steps taken after judgment is mentioned.   According to
the usual practice the transcript consists of a copy of the
docket which the statute (section 112) requires the justice
to keep, and such papers as are necessary for the trial of the
cause on appeal (*English* v. *Bonham,* 2 *Harr.* 350; *Henry*
v. *Campbell,* 4 *Zab.* 141) ; but no entry upon the docket
respecting the appeal is prescribed except "when and by
whom it was demanded, and the date of receiving notice
thereof," and the notice of appeal is certainly not a paper
necessary for the trial of the cause.   No transcript as to
the bond is required, the bond itself being produced.

Moreover, in determining whether an appeal should be
granted, the justice acts judicially (*Tichenor* v. *Hewson,*
2 *Gr.* 26), and when the sufficiency of the steps taken for
perfecting the right of appeal has been adjudged by him
the cause is transmitted to the Common Pleas, not for a
review of alleged errors in the court below, but for a new
trial on the merits.   *Vannoy* v. *Givens,* 3 *Zab.* 201.   No
doubt the Common Pleas has power to ascertain whether
an appeal has been legally taken, and to dismiss the cause,

if it has not been, but this power should be exercised on an ascertainment of the real facts, not on a mere discovery of defects in the transcript.   For, as to those parts of the docket which are not essential to a record of the judgment (and the proceedings for appeal are certainly not), the statute is directory only (*English* v. *Bonham*, 2 *Harr.* 350; *Houghton* v. *Potter*, 3 *Zab.* 338; 4 *Id.* 735), and it has long been the practice for the Common Pleas to rule the justice to certify matters which he ought to have entered on his docket, but which he has omitted.   *Bennet* v. *Kile*, 4 *Halst.* 106.   Indeed, the statute which directs what shall be so entered expressly declares that no imperfections or irregularities in the docket shall invalidate any proceedings or judgment, but the same may be corrected to conform to the fact at any time, under rule by the court to certify, or otherwise.

We conclude that the order of dismissal was made without legal evidence to support it, and should be set aside.

Let the cause be remitted to the Common Pleas for further proceedings according to law.