### WAPLES-PLATTER GROCER CO v. HARDIN et al.

No. 10546—Opinion Filed Feb. 7, 1922.

(Syllabus.)

**1. Payment — Application of Payments — Rights of Debtor.**

A debtor owing more than one debt to a creditor, or a debt composed of several items, has the right to direct to which debt or debts or to which item of a single debt, and in what amounts, a payment made by him shall be applied.

**2. Same—Application by Creditor.**

Where a debtor owing more than one debt to a creditor, or a debt composed of several items, fails to direct how a payment made by him is to be applied, the creditor may, ordinarily, make the application as he may see fit.

**3. Same—Powers of Court.**

Where both debtor and creditor have failed to direct the application of a payment, the duty of making the application devolves on the court, and such payments should be applied according to the justice and equity of the case.

**4. Same—Priority of Debts.**

As a general rule, in cases of running accounts with many debits and credits, the court will apply the payments to extinguish the debts or items of a single debt according to their priority, so that the credits are to be deemed payments pro tanto on the debts or items antecedently due; but this rule is subject to qualification where the rights and equities of third persons are involved.

**5. Same—Rights of Guarantors.**

Where A. was indebted to W. for goods sold and delivered, and W. refused to extend further credit unless payment of future

indebtedness was guaranteed, and H. L. and H. guaranteed to W. payment for goods purchased by A. after the execution of such guaranty the court in determining the liability of the guarantors will, where appropriation has not been made by the parties, appropriate the payments made by A. after the execution of such guaranty to the payment for goods purchased after that time.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Waples-Platter Grocer Company against E. W. Hardin, G. T. Lancaster, and Tom Hope on contract of guaranty. Judgment for defendants, and plaintiff brings error. Affirmed.

B. H. Epperson, for plaintiff in error.

Thomas P. Holt, for defendants in error.

NICHOLSON, J. This action was instituted in the district court of Pontotoc county by the plaintiff in error, as plaintiff, against the defendants in error, as defendants, to recover the sum of $2,058.70, upon a letter of credit or guaranty, executed by the defendants to the plaintiff. The trial was begun before a jury, but both plaintiff and defendants moved for instructed verdicts, and the case was by agreement of the parties withdrawn from the jury and submitted to the court, and the court rendered judgment for the defendants, to reverse which the plaintiff has prosecuted this proceeding in error.

It appears that the plaintiff, which was a wholesale dealer in groceries, had been for some time prior to January 13, 1912, selling groceries to the Ada Trading Company, a corporation; that on said date the Ada Trading Company was indebted to plaintiff in the sum of $2,536.40, which it was unable to pay, and the plaintiff refused to extend it further credit unless its account was guaranteed, whereupon the defendants executed and delivered to the plaintiff a letter of credit or guaranty, reading as follows:

"Ada, Oklahoma, Jan. 13, 1912.
"Waples-Platter Grocer Company,
"Denison, Texas,
"Gentlemen:

"We, the undersigned, stockholders of the Ada Trading Company engaged in general merchandise business at Ada, Oklahoma, desire to purchase groceries from you in the conduct of their business and desire to make purchases from you hereafter from time to time in the conduct of their business, and we hereby personally guarantee to you payment for all such goods, wares and merchandise as they may buy from you now or at any future time. We also personally guarantee the payment of any notes they may give you in settlement for such goods, the limit of our individual liabilities therefor at any time being $3,000.00. This is intended as an absolute, unconditional and continuing guarantee to protect you to the extent of said sum of $3,000.00 against any losses on account of purchases made by the said Ada Trading Company, and this agreement shall operate so long as the said Ada Trading Company shall purchase goods from you, or until we shall terminate this contract by giving you notice in writing of the termination of same, such notice to be given you in person or sent by registered mail.

"Witness:                              E. W. Hardin.
"Louise Olney.                    G. T. Lancaster,
                                             "Tom Hope."

The Ada Trading Company continued to purchase goods of the plaintiff until February 26, 1913, at which time it ceased to do business, having been adjudicated a bankrupt. The plaintiff filed proof of its indebtedness in the bankrupt court and two dividends were paid, which were credited on the account of the Ada Trading Company, leaving a balance due of the amount sued for.

The trial court, at the request of plaintiff, made findings of fact and conclusions of law, to which no serious objection is urged, but the plaintiff complains of the action of the court in refusing to make additional findings of fact requested by it, which were, in substance, that neither the Ada Trading Company nor anyone for it directed how the payments made should be applied; that neither of the defendants requested or directed where the payments made by the Ada Trading Company to the plaintiff should be applied, and that the plaintiff applied the payments as made to the oldest items of indebtedness, as such payments were made, and extended further credit to the Ada Trading Company. It further complains of the action of the court in overruling its motion for a new trial.

The credit man for the plaintiff testified that no new account was opened with the Ada Trading Company, but that all goods sold to it after the execution of the guaranty were charged on the old account; that the Ada Trading Company made various payments on account, these payments usually being in the sum of $500 each; that neither the Ada Trading Company nor the defendants gave any directions as to the application of these payments, that such payments were credited on the account, and that these payments were applied on the

oldest invoices; but in answer to a question by the court he stated that the $500 checks covered no certain number of invoices.

It is clear that by the terms of this guaranty the defendants guaranteed payment for goods purchased after its execution only, and that the guaranty was a continuing one and remained in force until it was terminated by the notice provided for therein. It is not claimed that this notice was given. The defendants in their answer admit the execution of the guaranty, but plead payment by the Ada Trading Company for all goods purchased by it on the strength of said guaranty, and for which they were liable. They offered no evidence tending to question the correctness of the account, neither did they attempt to prove that the payments by the Ada Trading Company were applied, or directed to be applied, on the indebtedness contracted subsequent to the execution of such guaranty. No principle of law is more firmly settled or more universally applied than that a debtor owing more than one debt to a creditor, or a debt composed of several items, has the right to direct to which debt or debts, or to which item of a single debt, and in what amounts payments made by him shall be applied. 21 R. C. L. sec. 93; Carson et al. v. Cook County Liquor Co., 37 Okla. 12, 130 Pac. 303, and cases there cited; Southwestern Surety Ins. Co. v. Neal, 81 Okla. 195, 197 Pac. 439. It is equally well settled that where the debtor fails to direct how a payment is to be applied, the creditor may, ordinarily, make the application as he may see fit. 21 R. C. L. 95.

Counsel for plaintiff in error contends that the evidence shows, and the trial court should have found, that the payments made were by the plaintiff in error applied to the oldest items of indebtedness, but we cannot say that the evidence would justify such a finding. While plaintiff's credit man stated that the payments were applied to the oldest invoices, the statement of the account introduced in evidence fails to bear out this statement, but shows that the payments were merely credited on the account as a whole, and not to the payment of any specific invoice or item. So, as we view the case, we are confronted with a situation where the debtor failed to direct the application of the payments, and the creditor failed to apply such payments to any specific item. Under such circumstances, the authorities unanimously hold that the duty of making such application devolves upon the court.

As a general rule, in cases of running accounts, with many debits and credits, the court will so apply the payments to extinguish the debts or items of a single debt according to their priority, so that the credits are to be deemed payments pro tanto, on the debts antecedently due. United States v. Kirkpatrick, 9 Wheat. 720, 6 U. S. Law Ed. 199; but this rule is subject to qualification where the rights and equities of third persons are involved. Thus, in First National Bank of Nashville v. National Surety Co., 130 Fed. 401, 66 L. R. A. 777, which was an action by the bank to recover of the surety company on a bond of indemnity made to cover loss sustained by the dishonesty of a bookkeeper of a bank, such dishonesty consisting of falsifying the account of a depositor in the bank so as to give such depositor a fictitious credit by which the bank suffered loss. It appeared that the manipulations of the bookkeeper extended over a period of time covered by two or more bonds with different sureties. The depositor continued to do business with the bank, and the trial court in determining the liability of the surety on the last bond appropriated the deposits of the customer during the time covered by such bond to the checks drawn during the same time, and in affirming the judgment of the trial court the Circuit Court of Appeals, speaking through Lurton, J., said:

"But in the case at bar neither the debtor nor the creditor has made any appropriation, and the deposits made were of the money of the debtor, and unaffected by any equitable charge in favor of either set of sureties, or the bank as the creditor. It was therefore quite within the general rule that Connor & Brady should have the right to apply their deposits to any debt due by them to the bank. But they made no appropriation whatever, and the right and duty of regarding the rights of successive sets of sureties, when the court is called upon to make an appropriation, is conceded in the cases which maintain most strongly the debtor's right to apply his payments without regard to the source of the money or the rights of sureties. Thus, in Seymore v. Van Slyck, 8 Wend. 404, it was held that, where sureties are bound for the payment over of moneys by their principals, and a general account has been kept with the principal in which all debts and credits are entered, the court should not apply the payments to the oldest items of debt, 'if in the progress of the account there be a change of sureties,' and that in such circumstances, there being no appropriation by either party, 'each set of sureties is entitled to the benefit of the moneys received during the period of their respective suretyship.' This rule was ap-

proved on appeal in Stone v. Seymour, 15 Wend. 19, 33, after an elaborate consideration of the principles upon which the court should proceed in applying payments. In State v. Sooy, 39 N. J. L. 539, 546, it was also recognized that, when the court is called upon to appropriate payments, the equities of third persons should be regarded. How these equities should be regarded, is, we think, plainly indicated by the opinions of the Supreme Court in United States v. January, 7 Cranch, 572, 3 L. Ed. 443; United States v. Irving, 1 How. 256, 11 L. Ed. 122; and Jones v. United States, 7 How. 681, 688, 12 L. Ed. 870, 872.

"Having regard to the terms of the bond, we conclude that the surety company is only liable for the difference between the deposits and checks of Connor & Brady during the running of the bond. If the amount they deposited during that period exceeded the amount they drew out, no loss resulted from the fraudulent practices of Lea during the currency of the bond. The account being thus stated, the court below did not err in directing a verdict for the surety company."

To our mind, the doctrine there announced very aptly applies to the facts in the case at bar. The defendants did not guarantee payment of the indebtedness incurred by the Ada Trading Company prior to the execution of the guaranty. That company paid the plaintiff approximately $500 in excess of the amount owing for goods purchased after the execution of the guaranty, and to hold that the payments made should be credited to the oldest items of indebtedness, thus satisfying that portion of the indebtedness not guaranteed, would be to compel the defendants to pay a debt they did not agree to pay. The fact that the defendants are guarantors instead of sureties is of no consequence. They were third parties, and the Ada Trading Company did that which they guaranteed it would do. Neither will the fact that the defendants were stockholders in the corporation work their withdrawal from the protection of the exception to the general rule. They were not personally liable for the debts of the corporation, and their liability must be determined from the writing alone. We are convinced that under the facts in this case the proper method of applying the payments made was to apply all payments made after the execution of the guaranty to the payment for goods purchased after that time.

Finding no reversible error in the judgment of the trial court, such judgment is affirmed.

PITCHFORD, V. C. J., and McNEILL, MILLER, and ELTING, JJ., concur.