## W. T. RAWLEIGH CO. v. SIMMONS et al.

No. 26502.    Feb. 4, 1936.

Rehearing Denied March 10, 1936.

Second Petition for Rehearing Denied April 21, 1936.

R. E. Bowling, for plaintiff in error.

Andrew B. Riddle, for defendants in error.

PER CURIAM. Action by the W. T. Rawleigh Company against J. A. Simmons, Jr., M. L. Pierce, and Jess Phipps for the recovery of $562.99 for goods sold defendant J. A. Simmons, Jr., under written contract on which the defendants M. L. Pierce and Jess Phipps were sureties. A jury was waived and the case tried to the court. The defendant Simmons did not offer any defense, and judgment was rendered against him for the amount prayed for, from which judgment no appeal has been taken.

The court rendered judgment against the sureties, Pierce and Phipps, for $109.31. This the plaintiff complains of. The contract signed by the sureties contains a provision that "any statement made by the buyer as to the amount of indebtedness due at any time shall be binding upon us." Plaintiff sued upon an account stated executed by Simmons, in which he admitted the balance due under the contract at the close of business December 31, 1930, to be $628.48, on which plaintiff pleads defendant was entitled to an additional credit in the sum of $65.49.

Plaintiff insists that by virtue of the account stated he is entitled to judgment against the sureties in the sum of $562.99. The contract upon which the defendants Phipps and Pierce were sureties expired by its own terms on December 31, 1930.

A contract was offered in evidence by plaintiff, from which it appears that plaintiff and defendant Simmons entered into a renewal contract for the year 1931, upon which the defendants Phipps and Pierce were sureties. This renewal contract was not pleaded by the plaintiff and the court properly declined to admit same in evidence.

Plaintiff attached to its petition a verified itemized statement in the form of a running account, covering debits and credits between

plaintiff and Simmons during 1930 and 1931. The defendants Pierce and Phipps offered same in evidence and it was properly admitted. This statement showed that during 1931 additional goods were sold to and payments on the account were made by Simmons. There was no evidence how these payments were directed to be applied by the defendant Simmons. The itemized statement prepared by plaintiff shows the credits to have been applied on the running account, the total credits of $1,049.68 being deducted from the total debits of $1,612.67, leaving a balance of $562.99. Deducting the total credits from the debits for the year 1930, the only year covered by the contract sued upon, left a balance of $109.31, the amount for which the court rendered judgment against the sureties. In this there was no error. The court properly applied the credits to the oldest debt. 21 R. C. L. pp. 1129, 97; Waples-Platter Grocer Co. v. Hardin, 85 Okla. 49, 204 P. 433; Southern Surety Co. v. Corbit et al., 142 Okla. 103, 285 P. 949. The plaintiff, not having sued upon the 1931 contract, was not entitled in this action to recover against the sureties for the goods sold during that year.

Plaintiff also complains of other rulings of the court. We have carefully examined the authorities cited in the briefs as well as others bearing on the points raised, and are satisfied that no error was committed. The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. M. Widdows, Lawrence Mills, and C. H. Rosenstein in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Widdows, and approved by Mr. Mills and Mr. Rosenstein, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.

Supplemental Opinion on Rehearing.

BAYLESS, J. Upon consideration of the petition for rehearing, we have concluded to adhere to our previous opinion in this case on the questions of law. The plaintiff sued on an account stated as of December 31, 1930, but attached as an exhibit an itemized statement of a running account and duly proved this itemized running account at the trial.

We still feel that the trial court was justified in treating the trial as being on this issue.

However, we believe the court erred in finding only $109.31 due to plaintiff. The plaintiff alleged in his petition that there was a balance due on December 31, 1930 of $628.48; and to this he conceded a credit of $65.49 without identifying the source of this credit. The record shows this $65.49 arose as follows: On December 31, 1930, Simmons had bought of p'aintiff $1,224.48, and during 1930 had paid thereon the sum of $596. This left a balance of $628.48 on that date as alleged by plaintiff. Thereafter, in 1931, Simmons bought $388.19 of plaintiff and paid $453.68, or $65.49 more than bought in 1931. Plaintiff allowed this as a credit on the balance alleged to have been agreed upon as of December 31, 1930. The trial court, however, took the balance of $628.48 and credited all that was paid during 1931 ($453.68) and arrived at a balance of $174.80 and then deducted $65.49 from that, and arrived at $109.31. Since the $65.49 was a part of $453.68 (being the excess of $453.68 over $388.19) which had already been deducted, it resulted in a deduction of $65.49 twice. Therefore, the plaintiff's judgment should be $174.80.

Our opinion is approved as thus modified, and the petition for rehearing is denied.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, CORN, and GIBSON, JJ., concur.

RILEY, WELCH, and PHELPS, JJ., absent.