MARYLAND CAS. CO. of BALTIMORE, Md., v. UNITED STATES F. & G. CO.

No. 31164. Feb. 8, 1944.

Rehearing Denied April 18, 1944.

*147 P. 2d 765.*

McCoy, Craig & Pearson, of Pawhuska, and Ames, Monnet, Hayes & Brown, of Oklahoma City, for plaintiff in error.

Paul N. Humphrey, of Pawhuska, for defendant in error.

RILEY, J. This is an action commenced in the district court of Osage county by the United States Fidelity & Guaranty Company, herein referred to as plaintiff, against the Maryland Casualty Company, herein referred to as defendant, to recover a portion of the loss sustained by plaintiff by reason of a bond executed by plaintiff for one J. A. Puryear, guaranteeing his fidelity as a testamentary trustee.

In its petition plaintiff alleges in substance that on the 2nd day of May, 1932, said J. A. Puryear was appointed executor of the estate of Mary C. Owen in the county court of Osage county; that said J. A. Puryear qualified as such executor by giving a bond, with defendant Maryland Casualty Company as his paid surety; that Puryear continued to act as such executor up to and including the 18th day of October, 1937; that on or about July 27, 1937, a hearing was had on the annual supplemental final account of said J. A. Puryear as such executor; that on said date the county court entered an order approving said accounting and distributed the balance of the estate remaining in the hands of

said executor, under the terms of the will of said Mary C. Owen, to J. A. Puryear as trustee for the beneficiary, Willie Owen, under the direction of the district court of Osage county; that in said order of July 27, 1937, the county court found that there was then due and owing the said estate from J. A. Puryear individually, for uncollected rent for the use of a building belonging to said estate, the sum of $1,038.51; that said order attempted to set over to said J. A. Puryear as trustee of said estate said item of unpaid rent as a part of the assets of said trust estate; that the failure of said J. A. Puryear to pay said rent to himself as executor of said estate constituted a breach of his fiduciary relation to said estate, resulting in a profit to himself, and a debt owing to said estate, for the payment of which the defendant Maryland Casualty Company was and is responsible; that thereafter, on August 5, 1937, said J. A. Puryear filed in the district court of Osage county a petition asking said court to assume jurisdiction of the trust estate of Mary C. Owen and ratify and confirm the appointment of said J. A. Puryear as trustee of said estate under the terms and conditions and for the purposes and with the powers and duties as set forth in said will; that after due notice, said district court, on October 13, 1937, entered an order in said cause assuming jurisdiction of said trust and ratifying and confirming the appointment of said J. A. Puryear as trustee of the property and estate; that thereafter, said J. A. Puryear qualified as such trustee and gave a bond in the sum of $4,000, with plaintiff herein as surety; that thereafter, on October 18, 1937, said J. A. Puryear as executor of said estate filed in the county court, in the probate case, his supplemental report covering the period from July 27, 1937, to October 18, 1937, and listed therein, as a purported part of the assets of said estate, "uncollected rent from Puryear Drug Store, $1,264.50"; that on said date, without paying said estate such past due rent, Puryear, as trustee of said estate as appointed by the district court, filed in the probate

case in the county court a release and satisfaction of all liability of himself as executor and the Maryland Casualty Company as surety on his official bond as executor; that on the same day and without further proceedings and without paying said past due rent, said J. A. Puryear procured a final discharge of himself as executor and of the defendant Maryland Casualty Company, as his official bondsman, from all further liability by reason of his appointment as such executor and the giving of his executor's bond, and vacating his letters testamentary; that on or about September 19, 1940, the district court of Osage county entered an order in the trust estate proceedings surcharging said J. A. Puryear as trustee in the sum of $2,464.39, and that said surcharge constituted indebtedness due said trust estate from said J. A. Puryear by reason of the fact that he had used one of the store rooms of the trust estate during all the time he had acted as executor and trustee; that thereafter, in an action in the district court by Ray Gathright, successor trustee of said trust estate, judgment was entered in favor of said trustee against said J. A. Puryear and this plaintiff, United States Fidelity & Guaranty Company, for said sum of $2,464.39; that thereafter this plaintiff paid and settled said judgment and that all right, title, and interest of the said Ray Gathright, trustee of said estate, and W. H. Owen, sole beneficiary of said trust estate, was assigned to and is owned by this plaintiff, and that therefore plaintiff is subrogated to any and all rights which the said Ray Gathright, as trustee, had or which W. H. Owen had or may have as against defendant herein for contribution to said surcharge.

Prayer was for judgment against the defendant Maryland Casualty Company in the sum of $1,274.76, as its proportionate part of the judgment of surcharge so paid by plaintiff, with interest at 6% per annum from October 18, 1937.

The answer of defendant is in substance that said W. H. Owen was and

is the sole heir of said Mary C. Owen and was and is the sole beneficiary of the trust established by the will of Mary C. Owen; that said W. H. Owen was personally present in the county court when said county court entered its final order satisfying, releasing, and discharging this defendant from liability under its executor's bond, and acquiesed in and agreed to said order of discharge and release, and that said orders have become and are final and conclusive and are not subject to collateral attack; that after J. A. Puryear was appointed by the district court as trustee, he petitioned the said district court for an order releasing himself and this defendant from liability under the executor's bond, and at the time declared to the district court that he was indebted to some extent to the estate for rent; that upon full hearing on said petition, at which W. H. Owen appeared in person, the district court, being fully apprised of all the facts and circumstances, entered its formal order directing said J. A. Puryear as trustee to release himself and the Maryland Casualty Company under said executor's bond; that said order became final and is not subject to collateral attack, and that W. H. Owen as sole beneficiary of said trust is and was estopped to contend that said order, judgment, and release are not final; that both J. A. Puryear and Ray Gathright, successive trustee in the trust estate proceedings, at all times treated the indebtedness of J. A. Puryear for rent as an obligation due the trust estate, rather than to the estate of deceased, and that the successor trustee in the action on the bond of plaintiff made an election of remedies, in that he elected to and did recover from the United States Fidelity & Guaranty Company on the theory that said J. A. Puryear had violated his duty as trustee and not as executor and that having made such an election, neither Ray Gathright, as successor trustee, nor plaintiff, United States Fidelity & Guaranty Company, claiming to be subrogated to his rights, can recover herein; that all sums received by said J. A. Puryear from himself, after he was ap-

pointed trustee, were and should be applied to any rent accruing prior to his appointment as trustee; that funds were subsequently paid by J. A. Puryear individually to himself as trustee, after he was appointed trustee, sufficient to satisfy the rent which had accrued, and that such rent has been paid.

The cause was tried to the court, resulting in a finding and judgment in favor of plaintiff in the sum of $1,274.76, and defendant appeals.

There are eleven assignments of error. Most of them go to the question of the sufficiency of the evidence. The principal contention of defendant is that the judgment is contrary to both the law and the evidence. The facts are somewhat involved, but there is little, if any, conflict in the evidence.

The record discloses that Mary C. Owen, a resident of Osage county, died testate in 1932. The will provided:

" . . . First: I give, devise and bequeath unto J. A. Puryear of Pawhuska, Oklahoma, all of my property, of whatsoever kind and nature and wherever situated, to have and to hold the same in trust upon the terms and conditions, for the uses and purposes, and with the powers and duties as follows, to wit:

"In the event I die before my husband, W. C. Owen, I direct that my trustee, J. A. Puryear, hold, possess, manage, and control the said trust estate and every part thereof, and to manage the same in a manner that shall seem meet and proper, for the maintenance and support of both my husband, W. C. Owen, and my son, Willie Owen. . . . "

Incidentally, the record shows that the husband, W. C. Owen, died before the death of testator, so that the son, Willie Owen (also known and referred to as W. H. Owen), is the sole beneficiary.

The will further provides:

" . . . It is my desire that my said Trustee shall make a good and sufficient surety bond, to be approved by the District Court of Osage County, Okla-

homa, conditioned for the faithful performance of the duties of his trust and shall make annual reports to the District Court of Osage County, Oklahoma, and shall receive a reasonable compensation for his services, to be fixed by the District Court of Osage County, Oklahoma. . . .

"I further direct that after my estate has been duly probated that said trust estate be turned over to my Trustee upon his qualifying by the execution of a bond as heretofore provided. . . ."

The will nominated and appointed J. A. Puryear as executor. Puryear was appointed as executor on May 2, 1932, and qualified by giving a bond in the sum of $4,000, with defendant Maryland Casualty Company as surety.

Puryear ran a drugstore in Pawhuska in a building owned by the Mary C. Owen estate, at an approved monthly rental of $67.50. Puryear continued to act as executor, but filed no annual report or account in said proceedings until May 7, 1937. On that date he filed a verified "Annual Account of Executor." Therein he set forth the items and appraised value of the estate in his hands. Said accounting concluded with the following statement:

" . . . Your executor further shows to the court that another asset of said estate is uncollected rent from Puryear's Drug Store, in the amount of $1,771.74. Within twenty days from this date, your executor will be able to reduce said uncollected rent in a substantial amount, and within a comparatively short time will be able to entirely retire said balance. . . ."

Hearing was had on said account on May 22, 1937, and the county court, in its order approving the account, made a finding as follows:

" . . . The court further finds that since the filing of this report the said J. A. Puryear has paid to said estate an additional sum of $150.00 to apply on Puryear's Drug Store rent.

"The court further finds that during this day the said J. A. Puryear has paid the additional amount of $500.00 to apply on said rent, thereby reducing the unpaid portion of the Puryear Drug Store rent to $1,121.74. . . ."

Thereafter, on July 6, 1937, Puryear filed what is termed "Executor's Final Report and Petition for Distribution," covering the period from May 7, 1937, to July 3, 1937. With reference to the assets of the estate, said report stated:

" . . . Your executor further shows to the court that the assets of said estate at this time are as follows, to wit: . . .

"Uncollected rent from Puryear's Drug Store, to and including June 30, 1937, in the sum of $1,074.23. . . ."

Said report and petition were set for hearing on July 27, 1937, at which time the county court made a finding with reference to the rent accounting as follows:

" . . . that another asset of said estate is uncollected rent of Puryear's Drug Store in the sum of $1,038.51."

In the same order the county court made certain findings of fact with reference to the provisions of the will and the distribution of the assets of the estate, as follows:

". . . The court therefore finds that all of said property constituting the assets of said estate should pass to and be set over and the title thereof be vested in J. A. Puryear as trustee for the said Willie Owen, otherwise known as W. H. Owen, . . . that the said J. A. Puryear is to act as trustee under the direction of the District Court of Osage County, Oklahoma. . . ."

Thereafter, on August 5, 1937, J. A. Puryear instituted in the district court of Osage county case No. 16630, in which he asked that he be appointed as trustee under the will of Mary C. Owen. He attached a copy of the will and a copy of the order of the county court of July 27, 1937. Hearing was had on that petition on September 30, 1937, and the district court entered an order assuming jurisdiction in the matter of the trust estate, and in said order made a finding that "the assets of said estate consisting of the following, to wit: . . .

and an uncollected rent item of Puryear's Drug Store in the sum of $1,038.51." A further finding was made as follows:

" . . . The court further finds that no final discharge of the said petitioner as executor has been given or entered in the county court and that same cannot be done until the said petitioner qualifies in this court as trustee. . . ."

The court then made an order appointing Puryear as trustee of said estate, and fixed his bond at $4,000; and further:

" . . . that after he has filed said oath and executed said bond and said bond has been approved this court will issue to him certificate showing that he is in all respects fully recognized as the duly appointed, qualified and acting trustee of said property and of said estate. When said certificate has been issued, then the said trustee is directed to immediately file in the county court supplemental report showing any receipts by him as executor in said court and any disbursements made and showing the present status of his account in said court and should ask the said court to issue to him discharge as executor in said court and the said trustee is authorized by this court to file in that court release and satisfaction of liability on bond executed and filed by him as executor in that court. When final discharge is entered in that court the said trustee is directed to file in this cause certified copy of the supplemental report herein directed to be filed therein and certified copy of the final discharge. . . ."

Pursuant to said order, on October 18, 1937, Puryear, as executor, filed his supplemental report in the county court covering the time from July 27, 1937, to October 18, 1937, wherein he stated that the uncollected rent from the Puryear Drug Store, as of September 30, 1937, was $1,264.50. On the same day, without any payments on said rent account, the county court made and entered its order of discharge as follows:

"J. A. Puryear, executor, having filed herein supplemental report showing receipts and expenditures from July 27, 1937, to October 18, 1937, and having presented to the court vouchers for all expenditures made, and it appearing to the court that the said executor has performed all of the duties directed in the decree approving his final report entered in this court on July 27, 1937, and the said J. A. Puryear as trustee, appointed in the District Court of Osage County, Oklahoma, having filed herein an instrument releasing and satisfying the bond of said executor filed herein with the Maryland Casualty Company of Baltimore, Maryland as surety, said instruments having been filed pursuant to the directions of the District Court of Osage County, Oklahoma, in its order of September 30, 1937, appointing the said J. A. Puryear trustee in cause No. 16630 in said court;

"The court therefore finds that the said executor is entitled to his final discharge and he and the Maryland Casualty Company of Baltimore, Maryland, surety on his bond, are entitled to discharge and release and exoneration of said bond.

"It is therefore ordered and decreed that the said J. A. Puryear as executor in this court is hereby discharged as executor and the letters testamentary heretofore issued to him are vacated.

"It is further ordered and decreed that he and the Maryland Casualty Company of Baltimore, Maryland, surety on his bond, given in this court, are released, relieved and exonerated from all further liability thereon."

In the meantime, Puryear qualified as trustee in the district court by giving the bond required in the sum of $4,000, with plaintiff United States Fidelity & Guaranty Company as surety.

Thereafter, Puryear held and administered the estate as trustee, and continued to occupy the store building belonging to said estate, at the approved monthly rental of $67.50.

On January 27, 1939, Puryear filed his first annual report in the district court, showing, among other things, that between October 18, 1937, and January 11, 1939, he had, as trustee, received rent from the Puryear Drug Store in the sum of $105, and that he then owed

the estate, as rent on said store building, the sum of $2,239.50.

Upon hearing, said report was approved, but the order approving said report, among other things, provided:

" . . . The trustee is directed to report to this court on April 2, 1939, what steps he has taken and what progress he has made in reducing his rent account and in making sale of the property hereinbefore mentioned and in paying taxes to prevent the property to be sold at April, 1939, tax resale. . . ."

Puryear continued to act as trustee until September 13, 1940, at which time he filed a second report covering the time from January 20, 1939, to September 13, 1940. On September 16, 1940, he filed his resignation as such trustee. The report filed September 13, 1940, contained the following statement:

" . . . Your trustee further shows that he has been occupying a portion of the said property as a tenant; that at the time of the filing of his last report herein on January 19, 1939, there was due from this trustee to the trust estate as rental the sum of $2,239.50, this amount including his rent for the entire month of January, 1939; that since that date there has accumulated rent at the rate of $67.50 per month for sixteen months, or a total of $1,080.00, being a total of rent earned of $3,319.50. . . ."

Said report showed a total rent then due from said J. A. Puryear to the trust estate in the sum of $2,169.54. Hearing was had on this report September 19, 1940, with all the parties before the court. The court appears to have treated said report as a final account, and in the order, with respect thereto, made the following findings:

" . . . The court finds that said report correctly sets forth the acts and doings of J. A. Puryear, trustee, from the 19th day of January, 1939, up to and including the date of this hearing, and finds that J. A. Puryear, trustee, has received, during said period of time, a total sum of $1,415.19; that he has expended the sum of $1,413.21; that he has a balance on hand in the National Bank of Commerce of $1.98. The court further finds

that J. A. Puryear is personally indebted to the estate in the sum of $2,169.54 by reason of the fact that he has used one of the store rooms owned by the trust estate during all of the time that he has acted as trustee. The court further finds that said trustee should be charged with the sum of $2,169.54, together with interest thereon at the rate of 6% per annum, calculated to this date in the sum of $294.85, making a total amount due from said J. A. Puryear to the trust estate of $2,464.39 as of this date. . . ."

An order was then entered as follows:

" . . . It is therefore ordered, adjudged and decreed that the final report of J. A. Puryear, trustee of the estate of Mary C. Owens, be and the same is hereby approved and that the said J. A. Puryear pay to Ray Gathright, his successor in office, the sum of $2,464.39 by reason of his indebtedness to said trust estate because of uncollected rent which includes interest in the sum of $294.85; . . ."

Thereafter, Ray Gathright, as trustee, filed suit against J. A. Puryear, the former trustee, and the United States Fidelity & Guaranty Company, to recover said item of surcharge, and later obtained a judgment against both defendants in the sum of $2,464.39.

The record conclusively shows that on October 18, 1937, the date of the order of the county court releasing the surety on the bond of Puryear as executor, Puryear was personally indebted to the estate, as of September 30, 1937, in the sum of $1,264.50. In addition thereto, he owed the estate one-half of the rent for the month of October, at the rate of $67.50 per month, making a total amount due the estate on October 18, 1937, of about $1,298.

Defendant contends that the judgment of the county court approving Puryear's actions as executor and distributing the estate to him as trustee and discharging and releasing him and his surety was final and not subject to collateral attack, and that the district court had authority to direct the trustee to file the release in the county court,

and that its judgment to that effect is binding.

In view of the conclusions we have reached under the fourth and fifth propositions of defendant, we deem it unnecessary to discuss the propositions stated above.

The fourth proposition is that the rent account accruing prior to the beginning of the trusteeship was paid; and the fifth proposition is that the judgment of the district court in the trustee proceedings surcharging Puryear as trustee is conclusive to the effect that the amount surcharged was for rent accruing during the trusteeship only.

There is evidence to the effect that the rent due from Puryear, both before and after the trusteeship, was treated by him as a running account, and that when payments were made they were not credited to any particular part of the indebtedness but they were credited generally on the unpaid balance. The record discloses that during the time Puryear acted as trustee he paid on the rent account, to or for the benefit of the trust estate, more than enough to discharge the amount he owed at the time he was discharged as executor. The district court in its order surcharging Puryear evidently treated these payments as having been applied to the oldest items of the account, in that in such order the court found:

" . . . that J. A. Puryear is personally indebted to the estate in the sum of $2,169.54 by reason of the fact that he has used one of the store rooms owned by the trust estate during all of the time he has acted as trustee."

With reference to the application of payments made on a running account, the general rule appears to be:

"Subject to some limitations the general rule is that, in the case of a running account, where there are various items of debt on one side and various items of credit on the other occurring at different times, and no special appropriation of payments has been made by either party, the successive payments are to be applied in discharge of the items of debit antecedently due, in the order of time in which they stand in the account. In other words, each item of payment is applied in extinguishment of the earliest items of debt until the payment is exhausted." 48 C. J. 657.

This rule was applied in W. T. Rawleigh Co. v. Simmons et al., 176 Okla. 305, 56 P. 2d 898, wherein it is held:

"As a general rule, in cases of running accounts with many debits and credits, the court will apply the payments to extinguish the debts or items of a single debt according to their priority, so that the credits are to be deemed payments pro tanto on the debts or items antecedently due."

With reference to the finality of an order settling the account of a trustee, the general rule is:

"Sureties on a trustee's bond are, in the absence of fraud or collusion, concluded by a judgment or decree of a proper court, rendered on an accounting by their principal, as to the amount of the principal's liability, although they were not parties to the proceeding, . . ." 65 C. J. 1083.

The rule there stated was applied in a guardianship case, Title Guaranty & Surety Co. of Scranton, Pa., v. Owens, 114 Okla. 166, 244 P. 591, wherein it is held:

"Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered, in a hearing on an accounting, or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting."

In 29 Cyc. 239, it is stated:

"A final settlement is also conclusive in favor of the surety as to all matters embraced in the adjudication, in the absence of fraud."

Such being the law, it would seem that the finding of the trial court, in settling the account of Puryear as trustee, that he was personally indebted to the estate in the sum of $2,169.54, by reason of the fact that he had occupied

one of the store rooms owned by the trust estate during all the time that he had acted as trustee, is final as fixing the liability of such indebtedness upon Puryear and his surety, not because of any unpaid rent accruing prior to the time he acted as trustee, but because of unpaid rent accrued during the period he had acted as trustee.

If this be true, it is clear that the defendant Maryland Casualty Company was not liable as surety for Puryear as executor for or on account of any unpaid item of rent accruing during the period of trusteeship. Plaintiff cites no authority to the contrary, and we have found none.

We therefore hold that the finding of the district court, to the effect that the surcharge against Puryear was solely on account of indebtedness of Puryear to the trust estate accruing during the time he acted as trustee, is final and binding, and that defendant Maryland Casualty Company was not and is not liable for any part thereof and is not liable to the plaintiff herein for contribution. This we think disposes of the case, and we deem it unnecessary to consider other propositions presented.

Reversed and remanded, with directions to enter judgment for defendant.

CORN, C.J., and RILEY, OSBORN, HURST, and DAVISON, JJ., concur. GIBSON, V.C.J., and BAYLESS, WELCH, and ARNOLD, JJ., dissent.